IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADVANCED FLUID SYSTEMS, INC.,** | : | CIVIL ACTION NO. 1:13-CV-3087 |
| | : | |
| Plaintiff, | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KEVIN HUBER**, **INSYSMA** | : | |
| **(INTEGRATED SYSTEMS AND** | : | |
| **MACHINERY, LLC), LIVINGSTON &** | : | |
| **HAVEN, LLC, CLIFTON B. VANN IV,** | : | |
| and **THOMAS AUFIERO,** | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 18th day of June, 2014, upon consideration of the Rule 12(b)(6) motions to dismiss by Livingston & Haven, LLC ("L&H"), Clifton B. Vann IV, and Thomas Aufiero, (Doc. 28), and Kevin Huber and Integrated Systems and Machinery, LLC ("INSYSMA") (Doc. 33), seeking dismissal of plaintiff Advanced Fluid System's ("AFS") amended complaint (Doc. 65) in its entirety, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 32) by Orbital Sciences Corp. is DENIED as moot.

2. The motion (Doc. 28) by L&H, Vann, and Aufiero is GRANTED in part and DENIED in part to the following extent:

    a. The motion is GRANTED to the extent L&H, Vann, and Aufiero seek dismissal of AFS's claim in Count II for aiding and abetting violations of the Computer Fraud and Abuse Act ("CFAA");

    b. The motion is further GRANTED to the extent L&H, Vann, and Aufiero seek dismissal of AFS's remaining CFAA claims in Count II for failure to properly plead damages;

  c.  The motion is further GRANTED to the extent L&H, Vann, and Aufiero seek dismissal of AFS's claim in Count III for violations of the Lanham Act; and

  d.  The motion is DENIED in all other respects.

3.  The motion (Doc. 33) by Huber and INSYSMA is GRANTED in part and DENIED in part to the following extent:

  a.  The motion is GRANTED to the extent Huber seeks dismissal of AFS's claim for violations of the CFAA predating Huber's resignation;

  b.  The motion is further GRANTED to the extent Huber seeks dismissal of AFS's remaining CFAA claims in Count II for failure to properly plead damages; and

  c.  The motion is DENIED in all other respects.

4.  The following claims are dismissed with prejudice:

  a.  Count II, to the extent AFS states a claim for aiding and abetting violations of the CFAA pursuant to 18 U.S.C. § 1030(b); and

  b.  Count II, to the extent AFS states a claim for CFAA violations predating Huber's resignation from AFS.

5.  The following claims are dismissed without prejudice:

  a.  Count II, to the extent not prejudicially dismissed in ¶ 4 above;

  b.  Count III, to the extent AFS states a claim against L&H, Vann, and Aufiero; and

  d.  Count IV, to the extent AFS states a claim pertaining to the two public works projects in New York and New Jersey identified in AFS's pleading.

6. Plaintiff is granted leave to amend those claims dismissed in ¶ 5 above within twenty (20) days of the date of this order. If AFS fails to file an amended pleading within that time, the claims identified in ¶ 5 shall be dismissed with prejudice.

7. The parties are DIRECTED to meet and confer regarding a proposed pre-trial schedule, to include discovery and Rule 56 motion deadlines, and jointly file the same with the court within twenty (20) days of the date of this order.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania