## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADVANCED FLUID SYSTEMS, INC.,** | : | **CIVIL ACTION NO. 1:13-CV-3087** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN HUBER, INSYSMA** | : | |
| **(INTEGRATED SYSTEMS AND** | : | |
| **MACHINERY, LLC), LIVINGSTON &** | : | |
| **HAVEN, LLC, CLIFTON B. VANN IV,** | : | |
| **and THOMAS AUFIERO,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 15th day of April, 2015, upon consideration of the motion
(Doc. 81) for partial summary judgment on liability filed by plaintiff Advanced Fluid
Systems, Inc. ("AFS"), wherein AFS seeks judgment on liability against all
defendants for misappropriation of trade secrets, against defendant Kevin Huber
("Huber") for breach of fiduciary duty, and against all defendants other than Huber
for aiding and abetting a breach of fiduciary duty, and upon further consideration of
AFS's motion (Doc. 118) to strike or deem admitted the responses of defendants
Huber and Integrated Systems and Machinery, LLC ("INSYSMA") to AFS's
statements of material facts, portions of the declaration of Huber, and certain
exhibits submitted by Huber and INSYSMA, and upon further consideration of
AFS's motion (Doc. 120) to strike or deem admitted the responses of defendants
Livingston & Haven, LLC ("L&H"), Clifton B. Vann IV, and Thomas Aufiero
("Aufiero") (collectively, the "L&H defendants") to AFS's statements of material

facts, portions of the declarations of Craig Hill ("Hill") and Aufiero, and certain

exhibits submitted by the L&H defendants, and the court noting that AFS's

motions to strike request that the court deem admitted in whole or in part more

than 150 paragraphs of AFS's statements of material facts as to Huber and

INSYSMA (Doc. 118-2, Ex. 1) and more than 80 paragraphs as to the L&H

defendants (Doc. 120-2, Ex. 1), and that AFS's motions to strike include, *inter alia*,

objections with respect to the form of defendants' responses, the extent to which

defendants' responses fail to controvert the "material substance" of AFS's

statements of material facts, the extent to which defendants' responses are not

supported by record evidence, and the extent to which defendants' responses are

not supported by admissible record evidence,[1] and further noting that AFS objects

to more than 70 paragraphs of Huber's declaration on the grounds that, *inter alia*,

Huber's averments contain hearsay, lack personal knowledge, state legal

conclusions, or are based on opinion or belief (Doc. 119 at 17-20), that AFS objects

to one paragraph in Hill's declaration and the majority of Aufiero's original and

revised declarations on similar grounds (Doc. 121 at 19-21; Doc. 133 at 24-32), and

that AFS has lodged overlapping objections to the entirety or portions of many of

the paragraphs at issue (see Doc. 118-3, Ex. 2), and further noting that AFS requests

that the court strike in whole or in part, on the basis of hearsay, more than 15

exhibits that defendants submitted in connection with their oppositions to AFS's

---

[1] The court notes that AFS has withdrawn a number of its statements of material fact (Doc. 133 at 5) and has suggested that the court may disregard certain portions of other statements (id. at 14).

motion for partial summary judgment (Doc. 133 at 10-12, 32-34), and the court

observing that, by stipulation and order dated July 8, 2014, the court set a fact

discovery deadline of December 31, 2014, an expert discovery deadline of April 30,

2015, and a dispositive motion deadline of May 29, 2015 (Doc. 72 (highlighting that

"this case involves, *inter alia*, numerous technical engineering drawings which need

to be produced and analyzed" and will likely necessitate numerous depositions)),

but that AFS moved for partial summary judgment on October 20, 2014 prior to the

close of fact discovery (Doc. 81), and that, as permitted by stipulations and orders

entered on October 24, 2014, December 2, 2014, and December 12, 2014 (Docs. 100,

106, 108), which suspended discovery deadlines unrelated to AFS's motion for

partial summary judgment, defendants responded to AFS's motion on December

19, 2014 (Docs. 111-1, 112), less than nine weeks after AFS filed said motion, and

further observing that summary judgment is appropriate when "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law," FED. R. CIV. P. 56(a), but that the court must afford the party opposing

summary judgment an adequate opportunity for discovery, see Doe v. Abington

Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (quoting Dowling v. City of

<u>Philadelphia</u>, 855 F.2d 136, 139 (3d Cir. 1988)),[2] and it appearing that the parties

have produced a significant number of documents (<u>see</u> Doc. 82 at 1),[3] but that

discovery is ongoing and that no party has deposed any witnesses in this action

(Doc. 112 at 18), and it further appearing that disposition of AFS's motion for partial

---

[2] AFS correctly notes that neither Huber and INSYSMA nor the L&H defendants filed an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (<u>see</u> Doc. 116 at 21; Doc. 121 at 7 (citing a former subdivision of Rule 56)), under which a court may deny summary judgment, extend discovery, or issue any other appropriate order when a nonmovant demonstrates that it cannot present facts essential to its opposition. FED. R. CIV. P. 56(d). A party seeking relief under Rule 56(d) must generally submit an affidavit explaining what discovery is sought, how it would preclude summary judgment, and why it was not previously obtained. <u>Shelton v. Bledsoe</u>, 775 F.3d 554, 568 (3d Cir. 2015) (quoting <u>Dowling</u>, 855 F.2d at 140); <u>cf.</u> <u>St. Surin v. V.I. Daily News, Inc.</u>, 21 F.3d 1309, 1314 (3d Cir. 1994) (emphasizing the importance of compliance with this provision but stating that an affidavit is not an absolute prerequisite to relief). In the instant matter, defendants contend that depositions of certain witnesses are necessary to establish relevant states of mind, to facilitate credibility determinations, and to resolve admissibility issues. (See Doc. 112 at 17-18; Doc. 129 at 2, 6, 14-15; Doc. 130 at 12-13, 14). Assuming *arguendo* that such averments are insufficient under Rule 56(d), the court concludes that adjudication of AFS's motion for partial summary judgment at this juncture would be inappropriate for the reasons identified *infra*. <u>See</u> <u>Payne v. Equicredit Corp. of Am.</u>, No. 00-6442, 2002 WL 1018969, at *1 (E.D. Pa. May 20, 2002) (observing that a district court retains the discretion to deny summary judgment when there is "reason to believe that the better course would be to proceed to a full trial" (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986))), <u>aff'd on other grounds</u>, 71 F. App'x 131 (3d Cir. 2003); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2728 (3d ed. 2014) (noting that a court has the discretion to deny summary judgment in limited circumstances even if the moving party has satisfied its burden under Rule 56); <u>see</u> <u>also</u> <u>Tormasi v. Hayman</u>, No. 08-4950, 2010 WL 2696390, at *3-4 (D.N.J. July 6, 2010) (reasoning that adjudication of plaintiffs partial motion for summary judgment was imprudent when discovery was ongoing and when plaintiff had not been deposed even though defendant failed to comply with then-Rule 56(f)); <u>Turkmany v. Twp. of Wayne, N.J.</u>, No. 05-762(JAG), 2008 WL 852188, at *2 (D.N.J. Mar. 28, 2008) (denying defendants' motions for summary judgment on the basis of an incomplete record notwithstanding the absence of a motion under then-Rule 56(f)).

[3] AFS informs the court that the L&H defendants "have produced documents" (Doc. 82 at 1) but have not served any discovery requests on AFS as of March 10, 2015 (Doc. 133 at 22).

summary judgment at this time would require the court to resolve hundreds of

evidentiary disputes raised by the parties' statements of material facts, responses

thereto, and briefing on AFS's motions to strike, many of which disputes implicate

the existence of genuine issues of material fact, and that the completion of

discovery, and in particular depositions of relevant witnesses, may obviate or clarify

many of these evidentiary issues, including the likelihood that evidence that

defendants present in an inadmissible form in opposing summary judgment would

be capable of admission at trial, see Bender v. Norfolk S. Corp., 994 F. Supp. 2d 593,

599 (M.D. Pa. 2014); Laputka v. Pa. State Univ., No. 3:CV-11-1967, 2013 WL 1826379,

at *5 (M.D. Pa. Apr. 30, 2013), and the court finding that the parties' pervasive

evidentiary objections have so significantly clouded the record that resolution of

AFS's motion for partial summary judgment and motions to strike at this time

would constitute an inefficient use of judicial resources and frustrate the purpose of

summary adjudication, see, e.g., Dean v. Douglas, No. 5:12-CV-120 CAR, 2012 WL

6151137, at *6 (M.D. Ga. Dec. 11, 2012) (denying motion for partial summary

judgment on the basis of efficiency); In re G-I Holdings Inc., No. 01-30135 (RG), 2007

WL 1412294, at *4 (D.N.J. May 14, 2007) (same), and further finding that the

complex nature of this action, the ongoing status of discovery, and the scope of

evidentiary disputes render disposition of AFS's motion for partial summary

judgment premature at this juncture, see, e.g., Bailey-P.V.S. Oxides, LLC v. S & K

Packaging, Inc., No. 8-1596, 2009 WL 3294862, at *2 (W.D. Pa. Oct. 13, 2009) (denying

plaintiffs' motion for partial summary judgment as premature on the ground that

additional discovery was necessary); La Fata v. Raytheon Co., 223 F. Supp. 2d 668,

679-80 (E.D. Pa. 2002) (denying the parties' motions for summary judgment on the

grounds that discovery was incomplete and certain defendants had not addressed a

complex issue), it is hereby ORDERED that:

1.     AFS's motion (Doc. 81) for partial summary judgment on liability is
       DENIED without prejudice to refile said motion following the close of
       discovery.

2.     AFS's motion (Doc. 118) to strike or deem admitted is DENIED as
       moot.

3.     AFS's motion (Doc. 120) to strike or deem admitted is DENIED as
       moot.

4.     Any suspension of discovery imposed by the stipulations and orders
       dated October 24, 2014, December 2, 2014, and December 12, 2014
       (Docs. 100, 106, 108) is LIFTED for all purposes.

5.     The parties shall forthwith meet and confer and thereafter submit to
       the court a revised pretrial schedule incorporating information
       pertinent to the court's standard case management order.

6.     A revised pretrial schedule will issue by separate order.


                              /S/ CHRISTOPHER C. CONNER
                              Christopher C. Conner, Chief Judge
                              United States District Court
                              Middle District of Pennsylvania