# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADVANCED FLUID SYSTEMS, INC.,** | : | CIVIL ACTION NO. 1:13-CV-3087 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **KEVIN HUBER, INSYSMA (INTEGRATED SYSTEMS AND MACHINERY, LLC), LIVINGSTON & HAVEN, LLC, CLIFTON B. VANN IV, and THOMAS AUFIERO,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 30th day of August, 2017, upon consideration of the pretrial memorandum (Doc. 247) of defendants Livingston & Haven, LLC, Clifton B. Vann IV, and Thomas Aufiero ("the Livingston defendants") filed August 22, 2017, wherein the Livingston defendants for the first time assert that North Carolina law or Virginia law (as opposed to Pennsylvania law) should apply to the common law fiduciary duty claims raised *sub judice* by plaintiff Advanced Fluid Systems, Inc. ("AFS"), (see id. at 247 at 6-7), and following a pretrial conference on today's date during which the court heard from the parties and ruled that the Livingston defendants waived any choice-of-law argument, and for purposes of memorializing the court's findings, the court observing that the Third Circuit Court of Appeals has held that "parties may waive choice-of-law issues," Williams v. BASF Catalysts, LLC, 765 F.3d 306, 316 (3d Cir.

2014); Neely v. Club Med Mgmt. Servs., Inc., 63 F.3d 166, 180 (3d Cir. 1995) (*en banc*), which generally do not impact the court's power to hear a case, see Williams, 765 F.3d at 316 (citing Neely, 63 F.3d at 174-78), and that this principle applies not only to failure to preserve the choice-of-law issue for appeal, see id., but also to failure to raise the issue at an appropriate time before the district court, see Safarian v. Am. DG Energy Inc., No. 10-6082, 2015 WL 12698441, at *5-6 (D.N.J. Nov. 24, 2015) (citing Williams, 765 F.3d at 316), in which case the court must determine whether the issue is raised "at a pragmatically sufficient time" and whether any party will be prejudiced by late introduction of the issue, id. (quoting Charpentier v. Godsil, 937 F.3d 859, 864 (3d Cir. 1991)), and the court further observing that, throughout the nearly four-year pendency of this litigation, the Livingston defendants never once challenged the application of Pennsylvania law, (see Docs. 35, 48, 78, 177, 203, 225), and indeed that their submissions at the Rule 12 and Rule 56 stage relied exclusively on Pennsylvania law, (see Docs. 35, 48, 177, 203, 225), and the court thus finding that the Livingston defendants failed to raise their choice-of-law argument at a pragmatically sufficient time and that, as a result, and given the substantial expenditure of counsel's and the court's resources to date, to reopen the record and explore choice-of-law issues at this late juncture would work considerable prejudice to all parties involved, and the court accordingly concluding that any choice-of-law argument has been waived

by the Livingston defendants,[1] and that Pennsylvania law will continue to apply to AFS's common law claims herein, it is hereby ORDERED that the Livingston defendants' request (Doc. 247 at 6-7) that the court apply either North Carolina or Virginia law to AFS's common law claims is DENIED.

                                                /S/ CHRISTOPHER C. CONNER
                                                Christopher C. Conner, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania

---

[1] During the pretrial conference, AFS invoked the law of the case doctrine in opposition to the Livingston defendants' late-raised choice-of-law argument. The law of the case doctrine applies both to issues "expressly decided" by the court as well as those issues "decided by necessary implication." Bolden v. SEPTA, 21 F.3d 29, 31 (3d Cir. 1994); see also In re Mercedes-Benz Antitrust Litig., 364 F. Supp. 2d 468, 475-76 (D.N.J. 2005) (quoting 18B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 2002)). In their Rule 56 papers, the Livingston defendants noted the relevant distinction between Pennsylvania and North Carolina law before proceeding to apply Pennsylvania law. (See Doc. 203 at 7-8 (citing Dalton v. Camp, 548 S.E.2d 704, 707 (N.C. 2001), for the proposition that North Carolina law generally does not recognize a fiduciary duty between employers and employees)). The court in ruling on the parties' summary judgment motions also chose to apply Pennsylvania law. (See Doc. 236 at 37-44). Although we need not reach the issue given the court's waiver analysis, we note that the law of the case doctrine may also foreclose the Livingston defendants' choice-of-law argument.