IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADVANCED FLUID SYSTEMS, INC., | : | CIVIL ACTION NO. 1:13-CV-3087 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| KEVIN HUBER, INSYSMA (INTEGRATED SYSTEMS AND MACHINERY, LLC), LIVINGSTON & HAVEN, LLC, CLIFTON B. VANN IV, and THOMAS AUFIERO, | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 8th day of September, 2017, upon consideration of the motion (Doc. 250) filed by plaintiff Advanced Fluid Systems, Inc. ("AFS"), seeking sanctions against defendants Kevin Huber ("Huber") and Integrated Systems and Machinery, LLC ("Integrated Systems"), including but not limited to a contempt finding and preclusion order under Federal Rule of Civil Procedure 37(b)(2), for the alleged violation of the stipulated order (Doc. 63) approved by the court on May 22, 2014, and further upon consideration of the joint response (Doc. 274) thereto filed by Huber and Integrated Systems, and following a hearing on the subject of AFS's motion on September 7, 2017, the court observing that a party seeking a sanction of civil contempt must prove three elements, to wit: (1) that a valid court order existed, (2) that the alleged contemnor had knowledge of that order, and (3) that the alleged contemnor disobeyed the order, see Marshak v. Treadwell, 595 F.3d 478, 486 (3d Cir. 2009) (quoting Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995)), which

elements must be proven by clear and convincing evidence, id., and there being no dispute *sub judice* that a valid court order dated May 22, 2014 exists and provides, in pertinent part, that:

> Kevin Huber ("Huber") and INSYSMA agree, within twenty (20) days of the entry of this Stipulation and Order, to return to plaintiff all copies of all documents and electronically stored information in their possession that they obtained from plaintiff, and all documents and electronically stored information in their possession that incorporate or specifically reference plaintiff's documents and electronically stored information . . .

(Doc. 63 ¶ 1), and the court having found during the contempt hearing that Huber's testimony that he retained (and, indeed, continues to retain) documents and other electronically stored information subject to the stipulated order on his Integrated Systems email account establishes a violation thereof, satisfying the first and third elements for a civil contempt finding, see Marshak, 595 F.3d at 486 (quoting Roe, 54 F.3d at 137), such that the only extant dispute is whether Huber and Integrated Systems *knew* that the stipulated order required them to delete any residual copies of the documents and information once turned over to AFS, and, mindful that any ambiguity in the allegedly-violated order must be resolved in favor of the purported contemnor, F.T.C. v. Lane Labs-USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010) (quoting John T. v. Del. Cty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003)), the court concluding that, although the circumstances leading to entry of the stipulated order—*viz.*, withdrawal of AFS's preliminary injunction motion in exchange for agreed return of documents—make the parties' intent clear, the stipulated order

itself is less than pellucid as concerns Huber's and Integrated System's obligation to divest themselves of any residual copies of AFS's documents and information, such that the court cannot conclude that AFS has shown by clear and convincing evidence that Huber and Integrated Systems *knew* the stipulated order proscribed retention and required deletion of all documents and information once turned over to AFS, see Marshak, 595 F.3d at 486 (quoting Roe, 54 F.3d at 137), but the court determining that clarification of the order for purposes of the balance of these proceedings is both necessary and appropriate, and admonishing that any further violation of the stipulated order as clarified herein will expose the party in violation to the full contempt power of this court, it is hereby ORDERED that:

1. AFS's motion (Doc. 250) for sanctions against Huber and Integrated Systems is DENIED.

2. Paragraph 1 of the stipulated order (Doc. 63) of May 22, 2014 is CLARIFIED and AMENDED, with the court's alterations identified in italics, to state as follows:

> Without admitting liability, Kevin Huber ("Huber") and INSYSMA agree, within twenty (20) days of the entry of this Stipulation and Order, to return to plaintiff all copies of all documents and electronically stored information in their possession that they obtained from plaintiff, and all documents and electronically stored information in their possession that incorporate or specifically reference plaintiff's documents and electronically stored information, *and thereafter divest themselves of any original or residual copies of plaintiff's documents, electronic or otherwise, and electronically stored information.* "Documents" and "Electronically stored information" have the meaning used in F.R.Civ.P. 34(a)(1)(A). This includes, *inter alia*, all documents obtained from plaintiff's "Quotes," "Draw-work," and "Draw-finished" files and folders, and all documents and electronically stored information that incorporate or specifically reference such documents and electronically stored information.

3

3. Huber and Integrated Systems shall exercise their best efforts to come into compliance with the stipulated order (Doc. 63), as clarified herein, in advance of trial on September 18, 2017, but in any event no later than fourteen (14) days following the conclusion of trial. Counsel for AFS, counsel for Integrated Systems, and Huber shall meet and confer and shall use best efforts to comply with the instant order in a manner that is acceptable to all parties and that is forensically verifiable.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania