# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADVANCED FLUID SYSTEMS, INC., | : | CIVIL ACTION NO. 1:13-CV-3087 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| KEVIN HUBER, INSYSMA (INTEGRATED SYSTEMS AND MACHINERY, LLC), LIVINGSTON & HAVEN, LLC, CLIFTON B. VANN IV, and THOMAS AUFIERO, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 14th day of May, 2018, upon consideration of the court's order and judgment of March 6, 2018, wherein the court entered judgment in favor of plaintiff Advanced Fluid Systems, Inc. ("AFS") on its misappropriation of trade secrets claim against defendants Kevin Huber ("Huber"), Integrated Systems and Machinery, LLC ("Integrated Systems"), Livingston & Haven, LLC ("Livingston"), Clifton B. Vann IV ("Vann"), and Thomas Aufiero ("Aufiero")[1]; in favor of AFS on its breach of fiduciary duty claim against Huber; in favor of AFS on its aiding and abetting breach of fiduciary duty claim against Livingston and Vann; and in favor of Aufiero on AFS's aiding and abetting breach of fiduciary duty claim thereagainst;

---

[1] Livingston, Vann, and Aufiero are referred to collectively herein as "the Livingston defendants."

and wherein the court awarded compensatory damages of $1,096,009 jointly and severally against Huber, Integrated Systems, Livingston, Vann, and Aufiero; exemplary damages in the amount of $1,000,000 against Huber individually; and punitive damages in the amount of $1,000,000 jointly and severally against Huber, Livingston, and Vann, (see Doc. 329); and further upon consideration of the parties' respective post-trial motions filed pursuant to Federal Rules of Civil Procedure 52, 59, and 60, as well as AFS's instant motion (Doc. 370) to enforce judgment and the Livingston defendants' motion[2] (Doc. 369, 375) to stay execution of same pending resolution of the parties' post-trial motions and any appeals taken therefrom, and the court observing that, under Federal Rule of Civil Procedure 62(b), the court may, in its discretion, and "[o]n appropriate terms for the opposing party's security," stay execution of judgment and proceedings to enforce same pending resolution of post-trial motions, FED. R. CIV. P. 62(b), and it appearing that the Livingston defendants have obtained and are prepared to file with the Clerk of Court an irrevocable standby letter of credit issued by Branch Banking and Trust Company in the amount of $2,515,211.00, (Doc. 375-1), and it also appearing that AFS objects neither to the sufficiency of the proposed letter nor to the merit of staying execution of judgment against the Livingston defendants, but rather to the Livingston defendants' alleged delay and lack of diligence in proffering security,

---

[2] The Livingston defendants filed an initial motion (Doc. 369) to stay execution of judgment on May 8, 2018, and filed a supplemental motion (Doc. 375) on May 11, 2018, after securing the letter of credit referenced in its initial motion. The court refers to both motions together as the Livingston defendants' "motion" herein.

2

(see Doc. 373), and the court observing that Rule 62(b) does not impose a deadline within which a judgment debtor must seek a stay of execution during the pendency of post-trial motions, see FED. R. CIV. P. 62(b), and also that no authority suggests that the right to seek a stay of execution is waived if not invoked within a defined time period, see id.; cf. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2902 (3d ed. 2018) (noting that Rule 62(a) establishes an automatic 14-day stay of execution of judgment as of right, but that additional stays "are both available and usual . . . in accordance with the other subdivisions of Rule 62"), and the court further observing that the proffered irrevocable standby letter of credit represents 120% of the judgment entered against the Livingston defendants and adequately protects AFS's interests should the court's judgment be sustained after post-trial motion practice and any appeal therefrom, and the court thus concluding that a stay of execution and all other proceedings to enforce the court's March 6, 2018 judgment is appropriate *sub judice*, it is hereby ORDERED that:

1. The Livingston defendants' motion (Doc. 369, 375) is GRANTED to the following extent:

   a. Execution and all other proceedings to enforce the March 6, 2018 judgment entered against the Livingston defendants in this action are STAYED pending resolution of the parties' post-trial motions and any appeals therefrom.

   b. The Livingston defendants shall file with the Clerk of Court the fully-executed irrevocable standby letter of credit within 48 hours of the filing of this order.

2. AFS's motion (Doc. 370) to pursue enforcement proceedings by transferring judgment, taking discovery in aid of execution, and beginning execution proceedings against the Livingston defendants is DENIED without prejudice to the refiling of same in the event the judgment is sustained following post-trial motion practice and any appeal therefrom.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania